AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
|---|---|
| vs. | CASE NUMBER: 8:12-MJ-1728-T-EAJ |
| ERRARDO SANTILLANA, EMANUEL OCAMPO-JAIMES, and SABINO ALDAY | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about November 27, 2012, in Hillsborough County, in the Middle District of Florida, defendant(s) did,

> Conspire to possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. Section 841(a)(1)

in violation of Title 21, United States Code, Section(s) 846 and 841(b)(1)(A). I further state that I am a(n) Special Agent with Drug Enforcement Administration, and that this Complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes   ☐ No

Signature of Complainant
G. Zucker Cowles

Sworn to before me and subscribed in my presence,

November 28, 2012    at    Tampa, Florida

Signature of Judicial Officer

ELIZABETH A. JENKINS
United States Magistrate Judge
Name & Title of Judicial Officer

T:\_Criminal Cases\S\Santillano, Errardo_2012R01572_KJP\p_Complaint.wpd

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, G. Tucker Cowles, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), currently assigned to the Tampa District Office. I have been a law enforcement officer for 11 years. During this time I have participated in criminal investigations involving local, national and international drug trafficking organizations. I have worked with other federal, state, and local agencies in the conducting these investigations. In connection with my official DEA duties, I investigate criminal violations of federal laws, including but not limited to, Title 21, United States Code, Sections 841(a)(1), 843(b) and 846 (drug trafficking offenses). During my tenure with the DEA I participated in hundreds of investigations of drug trafficking offenses including involving methamphetamine and, among other things, have conducted or participated in surveillance, the execution of search warrants, debriefings of informants and reviews of taped conversations. As a Special Agent, I have received specialized training in the investigation of narcotics related crimes and have participated in the investigation of complex drug conspiracies and all stages of illegal narcotics distribution, including dozens of investigations relating to the distribution and the sale of controlled substances such as methamphetamine. As such, I am familiar with the methods, routines and practices of narcotics traffickers, as well as the appearance and characteristics of controlled substances and the methods in which they are used, packaged for sale and distributed.

2. This affidavit is submitted for the limited purpose of establishing probable cause for the arrest of Errardo SANTILLANA (DOB ▓▓-1971) and Emanuel OCAMPO-JAIMES (DOB ▓▓-1976), and Sabino ALDAY (DOB ▓▓-1959) for conspiracy to distribute and possess with intent to distribute methamphetamine in violation of Title 21, United State Code, Sections 846 and 841(a)(1). It does not set forth all facts known to your affiant or other law enforcement personnel about this referenced investigation.

3. The statements contained herein are made on the basis of firsthand knowledge, and information obtained from other law enforcement officers.

4. On November 26, 2012, a DEA confidential source (CS) was in telephonic contact with ALDAY to negotiate the purchase of approximately two pounds of methamphetamine on November 27, 2012. Recorded telephone calls were made to ALDAY during these negotiations. On November 27, 2012, the CS made a telephone to ALDAY and they agreed to meet at a park at Clay Pit and Williams Road in Seffner, FL. The purpose of this meeting was so that a HCSO undercover (UC) and the CS could see the methamphetamine. The CS later received a call from ALDAY who told the CS he was at the park and instructed the CS to look for a red vehicle. Shortly thereafter, surveillance units arrived at the park and identified a red Ford F-150 known to agents to be driven by Errardo SANTILLANA. Agents also identified a blue Toyota Minivan in the park near the red truck. The CS and UC then arrived at the park. The CS got out of the vehicle and walked to a blue Toyota minivan that was occupied by both ALDAY and SANTILLANA. The CS was equipped with a recording device. The CS

observed a quantity of methamphetamine and indicated to controlling investigators that it was present. Agents then affected the arrest. Both individuals were taken into custody. Approximately two pounds of suspected methamphetamine were seized. The substance field tested positive for the presence of methamphetamine.

5. ALDAY was advised of his Miranda Warnings by S/A McCaffrey witnessed by S/A Corbett in English. ALDAY waived his rights and agreed to talk to authorities. He stated that SANTILLANA had told him (ALDAY) that he had pounds of methamphetamine for sale. ALDAY stated that the price was $17,000 per pound of methamphetamine from SANTILLANA. ALDAY stated that he was there in the park to broker a transaction between SANTILLANA, the CS and the UC. ALDAY stated he was to be paid $800-$1000 for brokering the transaction. ALDAY stated that he and SANTILLANA had arrived separately. SANTILLANA then got into the minivan with the methamphetamine.

6. HCSO Cpl William Gergel advised SANTILLANA of his Miranda Warnings in Spanish and he agreed to talk to authorities. SANTILLANA stated that he had been selling methamphetamine for the past five months. He stated that during that time he had sold a total of four to five pounds of methamphetamine. SANTILLANA stated he sold methamphetamine to several customers in the area. He identified his source of supply. He further stated that there were two mobile homes in the DavPam mobile home park where he lived that were involved in the conspiracy. According to SANTILLANA, the first trailer located at 112 Sycamore was where the methamphetamine was stored prior to distribution. The second

trailer was identified as 214 Cherry Lane. This trailer was identified by SANTILLANA as being the money storage location for the organization.

7. That night, agents traveled to 112 Sycamore Lane. Homeland Security Investigations (HSI) S/A Leonard Haran met with Maria Delia MONDRAGON-OSARIO, and Emanuel OCAMPO-JAIMES who were residents of the trailer. They both gave verbal consent to search the trailer and MONDRAGON-OSARIO gave written (using the Spanish consent form) consent to search the trailer. This was done in Spanish by S/A Haran.

8. Located in the master bedroom bathroom concealed in the wall was approximately thirty-nine pounds of suspected methamphetamine. The substance field tested positive for the presence of methamphetamine.

9. OCAMPO-JAIMES was advised of his Miranda Warnings in Spanish by S/A Haran and witnessed by Det Dicobo (HCSO). OCAMPO-JAIMES agreed to talk to authorities. OCAMPO-JAIMES stated that he was aware that there were narcotics in his bathroom. He stated that an individual named "Lalo" who drove a red truck and lived a few streets away would pay him $500 per month to store the narcotics in his bedroom. He stated that he had been doing this for the past two months for him. He further stated that "Lalo" had been there three times during that time period to pick up drugs for sale. He stated that he and his wife MONDRAGON-OSARIO lived in the Master Bedroom and that is was their bedroom. He further stated he took full responsibility for the drugs in the bathroom.

10. Based upon the information contained in this affidavit, your Affiant submits that there is probable cause to believe that Errardo SANTILLANA (DOB 10-14-1971), Emanuel OCAMPO-JAIMES (DOB ▓▓-1976), and Sabino ALDAY (DOB 02-05-1959) did knowingly and intentionally conspire to distribute and possess with intent to distribute in excess of 500 grams of methamphetamine.

FURTHER AFFIANT SAYETH NAUGHT.

_____
G. Tucker Cowles, Special Agent
Drug Enforcement Administration

Subscribed and sworn before me
this 28th day of November 2012.

_____
ELIZABETH A. JENKINS
United States Magistrate Judge